OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN<sub></sub>11



GROVER SELLERS
ATTORNEY GENERAL

Honorable W. D. Bryan
County Attorney, Austin County
Bellville, Texas

Dear Sir:                              Opinion No. O-7086

Re: Under the given facts, should
the county clerk record the
marriage certificate and a
certificate authorizing such
marriage, which were issued
in Kalaikunda, India, by United
States Army officers?

Your request for our opinion on the above question reads
as follows:

"The Honorable Lawrence Dibbert, County Clerk,
of Austin County, Texas, has been presented with a
marriage certificate issued by Edwin R. Kimbrough,
Chaplain, United States Army, certifying that on
the 17th day of August, 1945, Henry Gustav Schonen-
berg and Audrey Ann Voskamp were by him united in
holy matrimony at Kalaikunda, India, and at the
same time was presented with authority for such
marriage issued by Capt. Delbert G. Witt, Asst. Adj.
Gen. These two instruments were presented to said
County Clerk by the said Henry Gustav Schonenberg
and Audrey Ann Voskamp Schonenberg, who demanded
that they be recorded stating that the American
Consul at Calcutta had instructed them to have
these instruments recorded in the County Clerk's
Office in Austin County, Texas. I am enclosing
herewith a copy of such instruments.

"I am unable to find any Statute of the State
of Texas, either authorizing or prohibiting a County
Clerk to record the above described instruments.
Please advise me if the County Clerk of Austin County,
Texas, has authority to record the above mentioned in-
struments and if so, in what records should they be
placed."

The copies of the instruments referred to by you in said request are as follows:

"BASIC: Ltr Hqs 142nd General Hospital, APO 465, dtd 26 Jul 45. Subj: Request for Marriage.

201-Voskamp, Audrey A. (0) (26 Jul 45) 3rd Ind. DGW/lxmn 7

HEADQUARTERS, UNITED STATES FORCES, INDIA BURMA THEATRE, APO 885
9 August 1945.

TO: Commanding General, Base Section, U.S.F., I.B.T., APO 465.

"1. Permission to marry on or after date of this indorsement under the provisions and restrictions, of Circular 37, this Headquarters, 19 April 1945. Applicants' attention will be directed particularly to paragraph 2g of Circular 37.

"2. It is desired that this application be returned by indorsement thereon indicating the date and place that marriage was consummated.

"BY COMMAND OF LIEUTENANT GENERAL WHEELER:

"/s/ Delbert G. Witt
Delbert G. Witt,
Captain, A.G.D.
Asst. Adj. Gen.

"3 Incls:
w/d.

"57172/201-Voskamp, Audrey A. (0) 4th Ind. Adm/VCI/jdl.
HEADQUARTERS BASE SECTION, INDIA BURMA THEATER, APO 465,
13 August 1945.

To: Commanding Officer, 142nd General Hospital, IBT, APO 465.
Attention is invited to 3rd Indorsement for compliance.
BY COMMAND OF BRIGADIER GENERAL NEYLAND:

"/s/ Vernon C. Irby,
VERNON C. IRBY,
Maj. Sig Corps,
Asst Dir. Adm Div.

Honorable W. D. Bryan, page 3

"Mason E. Taylor
MASON E. TAYLOR
2d Lt, MAC
Pers Officer

- - - - - - - - - - - - - -

UNITED STATES ARMY
CERTIFICATE OF MARRIAGE

"THIS CERTIFIES that on the Seventeenth day of August
in the year 1945 Henry Gustav Schonenberg and Audrey
Ann Voskamp were by me united in Holy Matrimony at
Kalaikunda, India, according to the Ordinance of God
and the Laws of the State of Authority C.G.I.+B. Theater.

"Witnesses
Paul W. Blomeyer                   Edwin R. Kimbrough
Ruth Firsching                     Chaplain, United States Army."

*  *  *  *  *  *

Article 4606, Vernon's Annotated Civil Statutes, which
has to do with the recording of marriage licenses by a county
clerk, reads as follows:

"Record and return of license.  The Clerk shall
record all licenses so issued by him in a well bound
book kept for that purpose.  It shall be the duty of
the person solemnizing the rites of matrimony to in-
dorse the same on the license and return it to the
county clerk within sixty days after the celebration
aforesaid; such return shall be recorded with the
license."

Article 6591, which has to do with the duties of the
county clerk as a recorder, is as follows:

"Recorders.  County clerks shall be the recorders
for their respective counties; they shall provide and
keep in their offices well bound books in which they
shall record all instruments of writing authorized or
required to be recorded in the county clerk's office
in the manner hereinafter provided."

Honorable W. D. Bryan, page 4

In further prescribing some of the duties of the county clerk as a recorder, Article 1941 provides as follows:

"Recorders. They shall be ex-officio recorders for their several counties, and as such shall record in suitable books to be procured for that purpose all deeds, mortgages and other instruments required or permitted by law to be recorded; they shall be the keepers of such record books, and shall keep the same properly indexed, arranged and preserved."

Under the above statutes, a county clerk is required to record all marriage licenses issued by him, but he is not required to record marriage licenses issued by an official of some other county, state or country. We find no statute prohibiting his recording a marriage license issued by an official of some other county, state or country; neither do we find a statute specifically authorizing his recording of such marriage licenses. It is our opinion, however, that he is permitted to record such marriage licenses, including that hereinabove referred to and set out, in the book ordinarily used for that purpose, or in the Deed Records.

Before accepting such license for record, it is our further opinion that the county clerk should require an affidavit, properly acknowledged for record as prescribed in Articles 6607 and 6608, from each of the parties named in said license that they are the identical parties named therein. If either of said parties is dead, then said license should be accepted upon such affidavit being made by the one surviving.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Jas. W. Bassett*
Jas. W. Bassett
Assistant

JWB/JCP

APPROVED FEB 14 1946
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN